PETER D. and BARBARA J. BEAUMONT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beaumont v. Commissioner
Docket No. 19110-85.
United States Tax Court
T.C. Memo 1986-373; 1986 Tax Ct. Memo LEXIS 246; 52 T.C.M. (CCH) 178; T.C.M. (RIA) 86373; August 11, 1986. Peter D. and Barbara J. Beaumont, pro se. Bernard P. Coniff, counsel for respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on respondent's motion to dismiss as to petitioner, Barbara J. Beaumont. For the reasons stated, respondent's motion will be denied. A joint statutory notice of deficiency dated April 9, 1985, was sent by certified mail to Peter Beaumont and Barbara Beaumont at their last known address, P.O. Box 95-3145, Stuart, Florida 33495, on April 9, 1985. Determined therein were deficiencies in petitioners' joint Federal *247 income tax liabilities for 1981 and 1982 in the respective amounts of $105,582.13 and $38,163.90, plus certain additions to tax. On June 17, 1985, the Court received a letter signed only by petitioner Peter Beaumont requesting further information from the Court on how to file a petition. This letter was accepted as a petition to which docket No. 19110-85 was assigned. On June 27, 1985, the Court issued its Order For Proper Petition and Filing Fee to petitioner Peter Beaumont allowing him until August 27, 1985, to file an amended petition and to pay the filing fee. The 90-day period for timely filing a petition with the Court with respect to the notice of deficiency expired on July 8, 1985. On August 27, 1985, the Court received an amended petition in this docket. The amended petition, however, purported to be from Peter D. and Barbara J. Beaumont. Respondent argues that the amended petition, filed on August 27, 1985, was the first and only petition filed by Barbara J. Beaumont in this docketed case. Because August 27, 1985, is 140 days after the date of mailing of the notice of deficiency, respondent argues that Barbara J. Beaumont did not file with the Court a timely petition *248 within the time prescribed by sections 6213(a) or 7502. [1]
Rule 34 describes in detail the information which is required to be included in a timely and proper petition with the Court. [2] The Court, however, clearly is not required to dismiss an improper petition. The Note to Rule 34(a) indicates that -- The dismissal of a petition, for failure to satisfy applicable requirements, depends on the nature of the defect, and therefore is put in the contingent "may" rather than the mandatory "shall." * * * In this same regard, Rule 60(a) provides in part as follows: A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and such ratification shall have the same effect as if the case had been properly brought by such party. * * * *249 The Court herein treated the letter signed by petitioner Peter D. Beaumont as a timely petition. The only question before us is whether that letter is to be regarded as the petition only of Peter D. Beaumont or also of his wife, Barbara J. Beaumont. Initially, it was treated by the Court only as the petition of Peter, as evidenced by the Court's order of June 27, 1985, which made no mention of Barbara. Petitioners, however, treated the improper petition as conferring jurisdiction in this Court over each of them, and they joined in filing the amended petition on August 27, 1985. In Holt v. Commissioner, a Court-reviewed opinion, , a letter that was signed only by one spouse was treated by the Court as a petition also of the other spouse because the attachment to the letter (namely, the joint notice of deficiency) referred to both spouses. Reference to both spouses in the attachment to the letter and in the joint amended petition was considered sufficient to establish the intent of the taxpayer therein to file a joint petition. We held in Holt that the taxpayer-husband "was acting as agent for his wife as well as for himself in filing such *250 imperfect petition in response to the joint notice of deficiency." . The Court also stated in Holt that "the spouse who did not sign the imperfect petition should be given the opportunity to confirm the correctness of that presumption of intent," and the Court expressed in a footnote the hope that with the enunciation of "this practical, workable, and fair rule the Commissioner should no longer find it necessary to move against a previously nonsigning spouse, thus avoiding needless administrative burdens and the cluttering of the Court's motions calendar." . Respondent's counsel herein, by filing the instant motion, did not follow the spirit of Holt, nor did he cite the Holt opinion in his moving papers. The letter petitioner Peter D. Beaumount mailed to the Court made it quite clear that it was mailed on behalf of both himself and his wife. The letter used the plural pronoun "we." It stated that "we just received a 90 day letter," and it requested that certain information be sent to that "we can use" it. On the authority of Holt, under the facts of this case, we deny respondent's motion. The letter received *251 on June 17, 1985, will be regarded as a timely petition, albeit imperfect, of both petitioners herein. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Rules 34(a) and (b) provide in pertinent part as follows: (a) General: (1) Deficiency or Liability Actions: * * * Where the notice of deficiency or liability is directed to more than one person, each such person desiring to contest it shall file a petition on his own behalf, either separately or jointly with any such other person, and each such person must satisfy all the requirements of this Rule with respect to himself in order for the petition to be treated as filed by or for him. The petition shall be complete, so as to enable ascertainment of the issues intended to be presented. No telegram, cablegram, radiogram, telephone call, or similar communication will be recognized as a petition. Failure to the petition to satisfy applicable requirements may be ground for dismissal of the case. As to the joinder of parties, see Rule 61; and as to the effect of misjoinder of parties, see Rule 62. (b) Content of Petition in Deficiency or Liability Actions: The petition in a deficiency or liability action shall contain * * *: (1) The petitioner's name and legal residence, in the case of a petitioner other than a corporation; in the case of a corporate petitioner; its name and principal place of business or principal office or agency; and, in all cases, the petitioner's identification number (e.g., Social Security number or employer identification number) and the office of the Internal Revenue Service with which the tax return for the period in controversy was filed. The legal residence, principal place of business, or principal office or agency shall be stated as of the date of filing the petition. In the event of a variance between the name set forth in the notice of deficiency or liability and the correct name, a statement of the reasons for such variance shall be set forth in the petition. (2) The date of the notice of deficiency or liability, or other proper allegations showing jurisdiction in the Court, and the City and State of the office of the Internal Revenue Service which issued the notice. (3) The amount of the deficiency or liability, as the case may be, determined by the Commissioner; the nature of the tax; the year or years or other periods for which the determination was made; and, if different from the Commissioner's determination, the approximate amount of taxes in controversy. (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. The assignments of error shall include issues in respect of which the burden of proof is on the Commissioner. Any issue not raised in the assignment of errors shall be deemed to be conceded. Each assignment of error shall be separately lettered. (5) Clear and concise lettered statements of the facts on which petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is on the Commissioner. (6) A prayer setting forth relief sought by the petitioner. (7) The signature of each petitioner or his counsel. (8) A copy of the notice of deficiency or liability, as the case may be, which shall be appended to the petition, and with which there shall be included so much of any statement accompanying the notice as is material to the issues raised by the assignments of error. If the notice of deficiency or liability or accompanying statement incorporates by reference any prior notices, or other material furnished by the Internal Revenue Service, such parts thereof as are material to the issues raised by the assignments of error likewise shall be appended to the petition.↩